IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MONET R. MILLER,                     )
                                     )
           Plaintiff,                )
                                     )
      v.                             )   Civil Action No. 23-1214
                                     )
MARTIN O'MALLEY, [1]                 )
*Commissioner of Social Security*,   )
                                     )
           Defendant.                )

O R D E R

AND NOW, this 20th day of September, 2024, upon consideration of the parties'

cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social

Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under

Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental

security income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that

the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.

*See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v.*

*Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing

*Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp.

942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision

must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

---

[1]      Martin O'Malley is substituted as the defendant in this matter, replacing former Acting
Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C.
§ 405(g).

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705

(3d Cir. 1981)).[2]

---

[2]     Plaintiff argues that remand is warranted because the Administrative Law Judge ("ALJ") permitted the medical expert ("ME") to testify without being appropriately aware of Plaintiff's testimony and without having reviewed the record in its entirety.  The Court finds no merit in this argument and finds instead that the ALJ's findings are supported by substantial evidence.

Because of Plaintiff's need to obtain new counsel in the midst of the administrative proceedings in this matter, there were a total of three separate administrative hearings held before the ALJ.  Plaintiff testified at the second of these hearings, for which the ME was not present.  The ME, in turn, testified at the third hearing absent any testimony from Plaintiff. Plaintiff contends that this violated Social Security Administration ("SSA") policy as set forth in the SSA's internal procedure manual, Hearings, Appeals and Litigation Law Manual ("HALLEX").  She argues that HALLEX 1-2-6-70(B) required the ME either to be present for her testimony or to be provided with a summary of that testimony, neither of which happened. She further points out that the ME did not have access to the entire record at the time of her testimony.  Even if true, though, none of this requires remand.

HALLEX 1-2-6-70(B) provides, in relevant part:

> The ME may attend the entire hearing, but this is not required.  If
> the ME was not present to hear pertinent testimony, such as
> testimony regarding the claimant's current medications or sources
> and types of treatment, the ALJ will summarize the testimony for
> the ME on the record.

While this seems to contemplate that, in the normal course, an ME will testify after hearing or being informed of, *inter alia*, the claimant's testimony, it is a stretch to say that this guideline prohibits an ME from testifying if this has not occurred.  As the Commissioner points out, due to rescheduling for Plaintiff's benefit, there were multiple hearings in this case, and the ME was only present for the third and final one.  This appears to be beyond the intended impact of 1-2-6-70(B) which seems merely to provide a protocol for the order of witnesses in the course of a hearing.

In any event, as Plaintiff concedes, the Third Circuit Court of Appeals has held that the provisions of HALLEX "lack the force of law and create no judicially-enforceable rights." *Bordes v. Comm'r of Soc. Sec.*, 235 Fed. Appx. 853, 859 (3d Cir. 2007).  Therefore, even if the ME's testimony did not fully comply with HALLEX 1-2-6-70(B), this would not, standing alone, call for remand.  Plaintiff further asserts, however, that the fact that not only did the ME's testimony violate HALLEX, but also was based on "only" 72 of the 85 medical exhibits in this case, demonstrates that the violation warrants remand.  The Court disagrees.  It is not only common, but the norm, for medical providers to offer opinions based on only part of the record. HALLEX certainly contains no provisions to the contrary.  As the Commissioner points out, the

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record

---

ME here, even with access to just 72 of the exhibits, was privy to a far greater part of the record than are most physicians offering opinions. Moreover, the ALJ was well aware of the "limited" material available to the ME and considered this fact in evaluating the ME's testimony. (R. 70). Indeed, the ME's testimony was only one part of an extensive record on which the ALJ relied in making her findings in this case.

Accordingly, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports his decision. It will therefore affirm.